B. C. GREER v. JOHN R. OLDHAM, ET AL.

**Vendor's Lien on Sale of Real Estate.**
> Where the purchaser of real estate executes his notes to the creditor of the vendor for the purchase-money the vendor's lien is extinguished and not transferred, by operation of law, to the creditors.

APPEAL FROM METCALFE CIRCUIT COURT.

February 18, 1880.

OPINION BY JUDGE PRYOR:

While the petition presents a cause of action, we cannot well see how any lien exists on the land conveyed by Billington to Greer for the note executed to Wilson. Greer owed Billington the purchase-money on a part of it, and in part payment executed his note to Wilson. This extinguished the debt to Billington to that extent, and of course discharged the lien for the same amount.

It was a payment on the land, and in the absence of any proof showing fraud or mistake or some other equitable ground for relief the lien is gone. The case of *McClure v. Harris,* 12 B. Mon. 261, is decisive of this question. In that case the vendee executed his notes to the creditors of the vendor for the purchase-money, and this court said: "The lien was extinguished and not transferred by operation of law to the creditors."

It was also erroneous to render a personal judgment at the time the judgment in rem was entered, for the reason that a final judgment had already been given.

The judgments in personam and in rem are *reversed* and cause remanded for further proceedings consistent with this opinion.

*L. McQuown, J. W. Compton, for appellant.*